**NOT FOR PUBLICATION**

OCT 09 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY FUENTES, | No. 14-15246 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-02225-JAM-AC |
| v. | |
| MARION SPEARMAN, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

A California jury found Jerry Fuentes guilty of first-degree murder. His

conviction became final in May 2005. In 2011, he filed a habeas petition in federal

district court arguing that trial counsel was ineffective for not proffering the

evidence contained in a pre-trial neuropsychological report. The district court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

denied the petition. Fuentes appeals the denial. We review the district court's denial de novo. *Ali v. Hinkman*, 584 F.3d 1174, 1181 (9th Cir. 2009).

Fuentes did not file a habeas petition within one year after his conviction became final in May 2005. We assume without deciding, as did the district court, that Fuentes can overcome AEDPA's one-year statute of limitations under 28 U.S.C. § 2244(d)(1) by proving that he is entitled to equitable tolling. Similarly, we assume without deciding that Fuentes' ineffective assistance of counsel claim is not procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

After assuming these issues in Fuentes' favor and reviewing his claim de novo, we agree with the district court that he has not proven that he was prejudiced by ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). He has not shown that, but for counsel's alleged error, it was reasonably probable that the result of his trial would have been different. *See id.* at 693-94.

Fuentes' trial counsel argued that Fuentes was not guilty of murder because Fuentes killed the victim in response to the victim's provocation. In his petition, Fuentes argues that counsel should have introduced evidence related in the neuropsychological report at trial because it proved that Fuentes lacks impulse control. According to Fuentes, the report would have bolstered counsel's argument

that Fuentes was guilty of only voluntary manslaughter, rather than murder. However, under California law, a diminished actuality defense such as Fuentes' can be used only to support a verdict of involuntary manslaughter or acquittal. *People v. Saille*, 54 Cal. 3d 1103, 1117 (1991). Thus, trial counsel could not have used the report to support a verdict of voluntary manslaughter.

Trial counsel also argued that Fuentes could not be found guilty of first-degree murder because he did not premeditate and deliberate on the killing. Fuentes now argues that the same report should have been proffered because his impulsivity supports the theory that he did not reflect on his decision to kill the victim. However, the neuropsychological report does not make any reference to Fuentes' conduct at the time of the killing. Furthermore, California law prohibits defendants from introducing mental health evidence to support this kind of diminished capacity defense. *See* Cal. Penal Code § 28. Accordingly, Fuentes has not proven that he was prejudiced by counsel's decision not to proffer the neuropsychological report at trial.

**AFFIRMED.**